No. 05-3273

IN THE UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

WILLIAM A. SHIPLEY,

Plaintiff-Appellant

v.

INTERNAL REVENUE SERVICE,

Defendant-Appellee

ORAL ARGUMENT IS NOT DESIRED

ON APPEAL FROM THE JUDGMENT
OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
CHIEF JUDGE JOHN W. LUNGSTRUM

BRIEF FOR THE APPELLEE

EILEEN J. O'CONNOR
  *Assistant Attorney General*

ROBERT W. METZLER          (202) 514-3938
ANNETTE M. WIETECHA       (202) 514-4340
  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C.  20044*

*Of Counsel*:

ERIC F. MELGREN
  *United States Attorney*

-i-

# TABLE OF CONTENTS

**Page(s)**

Statement of related cases  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii
Statement of subject matter and appellate jurisdiction  . . . . . . . . . . . . 1
Statement of the issue  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
Statement of the case  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
Statement of facts  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Summary of argument  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
Argument

The District Court correctly dismissed taxpayer's
suit for damages under I.R.C. § 7433 for lack of
subject matter jurisdiction  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Standard of review  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

A.    Principles of jurisdiction and sovereign immunity  . . . . . . 11

B.    The District Court lacked subject matter jurisdiction
over taxpayer's complaint  . . . . . . . . . . . . . . . . . . . . . . . . 15

Conclusion  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
Certificate of compliance  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
Certificate of service  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

# TABLE OF AUTHORITIES

## Cases:

*Allied / Royal Parking, L.P. v. United States*,
     166 F.3d 1000 (9th Cir. 1999)  . . . . . . . . . . . . . . . . . . . . . . . . . . 13
*Crain v. Commissioner*, 737 F.2d 1417 (5th Cir. 1984)  . . . . . . . . . . . . 19
*Dziura v. United States*, 168 F.3d 581 (1st Cir. 1999)  . . . . . . . . . 13, 17
*Elias v. Connett*, 908 F.2d 521 (9th Cir. 1990)  . . . . . . . . . . . . . . . . . . 12
*Faber v. United States*, 921 F.2d 1118 (10th Cir. 1990)  . . . . . . . . . . . 12
*Fostvedt v. United States*, 978 F.2d 1201 (10th Cir. 1992)  . . . . . . . . . 12
*Gandy Nursery Inc. v. United States*,
     318 F.3d 631 (5th Cir. 2003)  . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

**Cases (continued):** **Page(s)**

*Georgacarakos v. United States*, 420 F.3d 1185 (10th Cir. 2005) . . . . 11

*Gonsalves v. IRS*, 975 F.2d 13 (1st Cir. 1992) . . . . . . . . . . . . . . . . . . 13

*Miller v. United States*, 66 F.3d 220 (9th Cir. 1995) . . . . . . . . . . . . . 13

*Porter v. Fox*, 99 F.3d 271 (8th Cir. 1996) . . . . . . . . . . . . . . . . . . 15, 18

*Shipley v. IRS*, No. 99-2331-KHV,
    2000 WL. 575019 (D. Kan., Mar. 30, 2000) . . . . . . . . . . . . . 3, 17

*United States v. Dalm*, 494 U.S. 596 (1990) . . . . . . . . . . . . . . . . . . . . 12

*United States v. Marsh*, 89  F. Supp. 2d 1171 (D. Haw. 2000) . . . . . . 15

*United States v. Mitchell*, 445 U.S. 535 (1980) . . . . . . . . . . . . . . . . . . 12

*United States v. Sherwood*, 312 U.S. 584 (1941) . . . . . . . . . . . . . . . . 12

*Venen v. United States*, 38 F.3d 100 (3d Cir. 1994) . . . . . . . . . . . 15, 18

*Venture Coal Sales Co. v. United States*,
    370 F.3d 1102 (Fed. Cir.), *cert. denied*, 125 S. Ct. 657 (2004) . . 17

*Woodmen of World Life Insurance Society v. Manganaro*,
    342 F.3d (10th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**Statutes:**

    Internal Revenue Code (26 U.S.C.):
        § 6331(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        § 7433 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2, 4-5, 10-14

    28 U.S.C.:
        § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        § 2107 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Miscellaneous:**

    Treas. Reg. § 301.7433-1 . . . . . . . . . . . . . . . . . . . . 6, 11, 14-15, 18

-iii-

## STATEMENT OF RELATED CASES

Pursuant to Tenth Circuit Rule 28.2(c)(1), counsel for the United States of America advise the Court that this case has not previously been before this Court, nor are they aware of any related appeals.

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

### No. 05-3273

─────────────────

### WILLIAM A. SHIPLEY,

**Plaintiff-Appellant**

**v.**

### INTERNAL REVENUE SERVICE,

**Defendant-Appellee**

─────────────────

### ON APPEAL FROM THE JUDGMENT
### OF THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS
### CHIEF JUDGE JOHN W. LUNGSTRUM

─────────────────

### BRIEF FOR THE APPELLEE
─────────────────

### STATEMENT OF SUBJECT-MATTER
### AND APPELLATE JURISDICTION

William A. Shipley (taxpayer) filed a complaint against the

Internal Revenue Service (IRS), seeking damages under I.R.C. § 7433

for allegedly wrongful collection actions committed by the IRS in

seizing taxpayer's social security payments.  (Doc. 1.)[1]  On June 7, 2005,

─────────────────

[1]  "Doc." references are to the documents filed in the proceedings
(continued...)

-2-

the District Court (Judge John W. Lungstrum) entered a judgment granting the Government's motion to dismiss for lack of subject matter jurisdiction. (Doc. 14.) The District Court's order finally disposed of all of the issues of all of the parties and is therefore a final, appealable order. Taxpayer filed a notice of appeal on July 6, 2005. (Doc. 17.) The notice of appeal was timely filed within 60 days of the entry of judgment. *See* 28 U.S.C. § 2107.

The Government maintains, as is more fully explained below, that the District Court lacked subject matter jurisdiction over the action. This Court's jurisdiction rests on 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

Whether the District Court correctly dismissed taxpayer's suit for damages under Internal Revenue Code Section 7433, on the ground that the court lacked subject matter jurisdiction over the suit.

## STATEMENT OF THE CASE

Taxpayer filed a complaint seeking damages for allegedly wrongful collection actions of the IRS in connection with the seizure of

---

[1](...continued)
below, as numbered by the Clerk of the District Court and transmitted to this Court. References to "the Code" or "I.R.C." are to the Internal Revenue Code of 1986 (26 U.S.C.).

-3-

taxpayer's monthly Social Security checks.  (Doc. 1.)  The Government

filed a motion to dismiss the complaint for lack of jurisdiction, or, in the

alternative, for summary judgment.  (Doc. 6.)  Taxpayer filed an

opposition to the Government's motion.  (Doc. 11.)  The District Court

issued a Memorandum and Order granting the motion to dismiss for

lack of jurisdiction (Doc. 13), and entered judgment for the Government

(Doc. 14).  This appeal followed.  (Doc. 17.)

## STATEMENT OF FACTS

The IRS assessed federal income taxes and penalties against

taxpayer for the taxable year 1990.  (Doc. 13 at 2.)  In April 1999,

following taxpayer's failure to pay the assessed taxes, the IRS issued a

notice of intent to levy.  (*Id*.)  Taxpayer filed a lawsuit against the IRS

seeking an injunction to prevent the IRS from assessing or collecting

federal income taxes from him and an order directing the IRS to release

its tax liens against him.  *See Shipley v. IRS*, No. 99-2331-KHV, 2000

WL 575019 (D. Kan., Mar. 30, 2000) (Doc. 8, Ex. 4).  On January 4,

2000, taxpayer filed a motion for an emergency protective order to

prevent the IRS from levying on his Social Security payments.  (Doc. 8,

Ex. 2.)  That lawsuit was dismissed for lack of subject matter

-4-

jurisdiction on March 30, 2000, and the motion for an emergency

protective order was denied.  (Doc. 8, Ex. 4 at 16.)

The IRS levied on taxpayer's monthly Social Security payments

from January 2, 2000 until November 4, 2002.  Taxpayer filed the

complaint in the instant lawsuit on November 29, 2004.[2]  Taxpayer

sought damages under I.R.C. § 7433, alleging that the IRS had

wrongfully levied on 100 percent of his monthly Social Security checks

for three years.[3]  (Doc. 1 at 3.)  He claimed that he had requested an

administrative hearing in mid-2001 and that the IRS either ignored his

request or refused to allow him into the hearing room.  (*Id*.)  He also

claimed that he had discovered that the IRS's seizure was wrongful in

2004, through a letter that the IRS had sent to him regarding the

seizure.  (*Id*.)  He averred that the stress caused by the IRS's seizure

had contributed to his heart condition, that he ultimately required

open-heart surgery, and that he was subsequently forced to file for

bankruptcy relief.  (*Id*. at 4.)

---

[2]  Although taxpayer named the IRS as the defendant in this suit,
the United States is the proper defendant in an action brought under
I.R.C. § 7433.

[3]  I.R.C. § 6331(h) generally limits the amount of certain "Federal
payments" that the IRS can seize through a continuing levy.

-5-

The United States filed a motion to dismiss for lack of subject matter jurisdiction, or, in the alternative, a motion for summary judgment. (Doc. 6.) The Government argued that there was no waiver of sovereign immunity for taxpayer's suit because the suit was not filed within the two-year statute of limitations for bringing an action under Section 7433 and because taxpayer did not exhaust his administrative remedies prior to bringing his suit. (Docs. 6, 7.) The Government argued first that a suit for damages under Section 7433 must be brought "only within 2 years after the date the right of action accrues." I.R.C. § 7433(d)(3). The Government argued that taxpayer was aware that the IRS intended to seize his Social Security payments as early as April 1999, when the IRS issued to taxpayer a notice of intent to levy. (Doc. 7 at 2.) The Government also noted that taxpayer filed a motion seeking an emergency protective order in January 2000 to stop the intended levy, and that taxpayer alleged that he had discussed the levy with the IRS in August of 2001. (*Id.*) The United States asserted that the statute of limitations began to run once taxpayer learned that the IRS levied against the first payment in January of 2000, and that he had ample opportunity to discover the allegedly wrongful nature of the seizure at that time. (*Id.* at 4.) The Government argued that taxpayer,

-6-

however, did not file his suit until November 29, 2004, well after the
two-year statute of limitations had expired, in January of 2002.  The
Government argued that the court therefore did not have subject
matter jurisdiction over the action, because the time limit of Section
7433(d)(3) was jurisdictional.  (*Id.*)

The Government also argued that the suit should be dismissed
because taxpayer failed to exhaust his administrative remedies prior to
filing his suit.  (*Id.* at 5.)  The Government asserted that one of the
requirements to bringing a suit for damages under Section 7433 was
the filing of an administrative claim in accordance with Treas. Reg.
§ 301.7433-1(e).  (*Id.*)  Such a claim must be in writing, must be sent to
the Area Director, and must include a description of the injuries
incurred by the taxpayer, the dollar amount of the claim and the
signature of the taxpayer.  (*Id.* at 5-6.)  The Government asserted that
taxpayer did not file the requisite administrative claim for damages
before he filed his complaint.  (*Id.*)

The Government included with its motion a declaration signed by
Barbara Pratt, an advisor with the IRS, who processes administrative
claims filed under Section 7433 by taxpayers residing in Kansas (where
taxpayer resides), Missouri and Iowa.  (Doc. 8, Ex. 5.)  Pratt stated that

-7-

she had reviewed her files and did not find an administrative claim submitted by taxpayer, nor could she recall ever reviewing such a claim. (*Id.*)

Taxpayer filed an opposition to the Government's motion to dismiss. (Doc. 9.) His main argument was that, under Kansas law, the statute of limitations did not begin to run until he knew of "both the existence and the cause of the injury." (*Id.* at 3.) He argued that the statute of limitations did not start to run until February 23, 2004, when the IRS sent him a letter advising him that the law "allows the IRS to take up to 15% of your [Social Security] benefits to pay your overdue taxes." (*Id.*; Doc. 9, Ex. 3.) He asserted that, until he received this letter, he was unaware that the IRS had allegedly violated a percentage limitation when it levied upon his Social Security check.[4] (Doc. 13 at 5.) He also asserted that he had been prevented from exhausting his administrative remedies because, when he arrived for his administrative hearing to challenge the levy, IRS agents would not allow him to enter the hearing room. (Doc. 9 at 4-5.) Finally, he

---

[4] The United States disputed that the levy was improper. (Doc. 11 at 1 n.1.)

1382971.1

argued that, even if he did send his administrative claim to the wrong person, the IRS should have notified him of his mistake.  (*Id.*)

The United States filed a reply to taxpayer's opposition, arguing that taxpayer had not raised any disputed material facts or otherwise challenged the Government's motion to dismiss.  (Doc. 11 at 1.) Taxpayer filed a reply to the Government's reply, arguing that he could not have filed his complaint before February of 2004, because he did not learn of the Government's alleged wrongdoing until then, and, under Kansas law, he could file a complaint based on mere suspicion of wrongdoing.  (Doc. 15 at 1-2.)  He also claimed that he had made requests for administrative hearings beginning in May of 1996.  (*Id.* at 3.)[5]

The District Court granted the Government's motion to dismiss for lack of subject matter jurisdiction.[6]  (Doc. 13.)  The court stated first

---

[5]  Taxpayer also filed an amended reply to the Government's reply to his opposition (Doc. 16), but this document was not served until June 7, 2005, the same day the District Court entered its judgment dismissing his complaint.

[6]  The court determined that it was not necessary to convert the motion to dismiss to a motion for summary judgment, despite the fact that the Government had included exhibits with its motion to dismiss, because the Government had made a factual challenge to the court's jurisdiction, giving the court discretion to consider the documents

(continued...)

-9-

that both the statute of limitations and the exhaustion of
administrative remedies requirement related to the Government's
waiver of sovereign immunity and were therefore jurisdictional
requirements.  (*Id*. at 13.)  The court held that taxpayer's suit was
untimely because it was not commenced within two years of the date
the right of action accrued.  (*Id*. at 4-5.)  The court held that taxpayer
should have been aware of the essential elements of his Section 7433
claim for damages for the alleged unauthorized collection of his social
security payments by November 4, 2002, the date of the last seizure, at
the latest.  (*Id*. at 5.)  The court rejected taxpayer's argument that the
statute of limitations began to run on February 23, 2004, when he
discovered that the IRS had allegedly exceeded the 15-percent limit,
holding that taxpayer was charged with knowledge of the law and that,
by November of 2002, he was armed with all the facts supporting his
claim.  (*Id*.)  Because the court held that taxpayer's suit was untimely,
it determined that it was not necessary to reach the question whether
taxpayer had exhausted his administrative remedies.  (*Id*. at 6.)  Thus,
the court granted the Government's motion to dismiss.

---

[6](...continued)
included with the Government's motion.  (*Id*. at 3-4.)

-10-

Taxpayer now appeals.  (Doc. 17.)

## SUMMARY OF ARGUMENT

1.  It is well established that the United States, as a sovereign, may not be sued without its consent, and that the terms of its consent define the court's jurisdiction.  Any waiver of sovereign immunity is not to be implied, but must be unequivocally expressed by statute.  If the United States has not consented to suit, the court lacks jurisdiction over the subject matter of an action against the Government, and dismissal is required.

2.  Taxpayer sought damages arising out of the IRS's collection actions.  While I.R.C. § 7433 provides a limited waiver of the Government's sovereign immunity to suit, taxpayer did not come within the terms of the express waiver of sovereign immunity.  Specifically, under I.R.C. § 7433(d), taxpayer was required to bring his suit within two years of the date on which the cause of action accrued.  Here, the cause of action accrued on January 2, 2000, the date of the IRS's first seizure of taxpayer's Social Security checks.  At the latest, taxpayer's cause of action accrued on November 4, 2002, when the IRS's levy ceased.  Taxpayer did not file his complaint until November 29, 2004, which was after the statute of limitations had expired.

-11-

3.  Taxpayer was also required to exhaust his administrative remedies by filing a claim for damages which described, among other things, the grounds for the claim, a description of the injuries suffered and the amount of damages.  Taxpayer failed to do so.  Although he submitted numerous letters to the IRS regarding the assessment and collection of his taxes, none of the letters satisfied the requirements of Treas. Reg. § 301.7433-1(e), because they were not submitted to the correct IRS personnel, nor did they include a description of his alleged injuries or the amount of damages that he was seeking.  Rather, the letters generally contested the IRS's authority to enforce the federal tax laws.  Accordingly, taxpayer's complaint was also subject to dismissal for failure to exhaust administrative remedies.

The District Court's judgment should be affirmed.

## ARGUMENT

### The District Court correctly dismissed taxpayer's suit for damages under I.R.C. § 7433 for lack of subject matter jurisdiction

## Standard of Review

The dismissal of a complaint for lack of subject matter jurisdiction is reviewable *de novo*.  *Georgacarakos v. United States*, 420 F.3d 1185,

-12-

1186 (10th Cir. 2005); *Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003).

### A.  Principles of jurisdiction and sovereign immunity

It is well established that the United States, as a sovereign, may not be sued without its consent, and that the terms of its consent define the court's jurisdiction.  *See United States v. Dalm*, 494 U.S. 596, 608 (1990); *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941).  Any waiver of sovereign immunity is not to be implied, but must be unequivocally expressed by statute.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Fostvedt v. United States*, 978 F.2d 1201, 1202 (10th Cir. 1992).  If the United States has not consented to suit, the court lacks jurisdiction over the subject matter of an action against the Government, and dismissal is required.  *United States v. Mitchell*, 463 U.S. at 212 ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction"); *see also Faber v. United States*, 921 F.2d 1118, 1120 (10th Cir. 1990) (court lacks jurisdiction over petition to quash third-party summons that was not brought within required time period); *Elias v. Connett*, 908 F.2d 521, 527 (9th Cir. 1990).

-13-

In this case, taxpayer sought damages pursuant to I.R.C. § 7433,
for injuries allegedly resulting from the IRS's seizure of his Social
Security checks.  Section 7433 of the Code provides a limited waiver of
sovereign immunity for a suit for damages against the United States
with respect to an alleged disregard of the internal revenue laws in
connection with the collection of taxes by any officer or employee of the
Internal Revenue Service.  As in effect with respect to actions taken
after July 22, 1998, such as those in issue here, Section 7433 allows
taxpayers to sue for damages against the United States if, in
connection with the collection of federal taxes, an IRS employee
"recklessly or intentionally, or by reason of negligence, disregards any
provision" of the Code or Treasury Regulations.  The waiver of
sovereign immunity in I.R.C. § 7433, as with all such waivers, must be
read narrowly.  *See Allied/Royal Parking, L.P. v. United States*, 166
F.3d 1000, 1003 (9th Cir. 1999); *Miller v. United States*, 66 F.3d 220,
222 (9th Cir. 1995); *Gonsalves v. IRS*, 975 F.2d 13, 14 (1st Cir. 1992).
Upon a finding of liability under Section 7433, the taxpayer may
recover the lesser of $1,000,000 ($100,000 in the case of negligence) or
his "actual, direct economic damages sustained" as a proximate result
of the employee's actions, plus costs.  I.R.C. § 7433(b).

-14-

Under Section 7433(d), an action for damages must be commenced

within two years of the time that the supposed cause of action accrued.

*Dziura v. United States*, 168 F.3d 581, 582 (1st Cir. 1999).  If an action

is not brought within two years of the date the claim accrued, the court

lacks jurisdiction over the claim.  *Id.*; *Gandy Nursery Inc. v. United*

*States*, 318 F.3d 631, 636-637 (5th Cir. 2003).

Furthermore, Section 7433's waiver of sovereign immunity

applies only if the taxpayer has first exhausted his administrative

remedies by filing an administrative claim for such damages with the

appropriate IRS personnel,[7] and has awaited the IRS's ruling (or

---

[7]  Treas. Reg. § 301.7433-1(e) sets forth the required procedure as
follows:

> **(e) Procedures for an administrative claim**--**(1)**
> **Manner**.  An administrative claim for the lesser of
> $1,000,000 ($100,000 in the case of negligence) or actual,
> direct economic damages as defined in paragraph (b) of this
> section shall be sent in writing to the Area Director, Attn:
> Compliance Technical Support Manager of the area in which
> the taxpayer currently resides.  **(2) Form.**  The
> administrative claim shall include:  (I) the name, current
> address, current home and work telephone numbers and any
> convenient times to be contacted, and taxpayer
> identification number of the taxpayer making the claim; (ii)
> the grounds, in reasonable detail, for the claim (include
> copies of any available substantiating documentation or
> correspondence with the Internal Revenue Service); (iii) a
> description of the injuries incurred by the taxpayer filing the

(continued...)

-15-

waited six months from the time the claim was filed, if the claim was

not ruled on within that period).  I.R.C. § 7433(d).  *See also* Treas. Reg.

§ 301.7433-1(a)(2), which provides that an action for damages in federal

district court "may not be maintained unless the taxpayer has filed an

administrative claim . . . and has waited for the . . . [required] period."

The exhaustion of administrative remedies is a jurisdictional

prerequisite to an award of damages.  *See* Treas. Reg. § 301.7433-1(d);

*Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996); *Venen v. United States*,

38 F.3d 100, 103 (3d Cir. 1994).

The District Court here correctly dismissed the case for lack of

jurisdiction, on the ground that taxpayer's suit was not filed within the

two-year statute of limitations for bringing such an action.

Furthermore, the court also lacked jurisdiction over taxpayer's suit,

because taxpayer failed to demonstrate that he exhausted his

administrative remedies prior to bringing his suit.

_____

[7](...continued)
claim (include copies of any available substantiating
documentation or evidence); (iv) the dollar amount of the
claim, including any damages that have not yet been
incurred but which are reasonably foreseeable (include
copies of any available substantiating documentation or
evidence); and (v) the signature of the taxpayer or duly
authorized representative . . . .

-16-

### B.   The District Court lacked subject matter jurisdiction over taxpayer's complaint

1.  The District Court lacked jurisdiction over taxpayer's complaint because it was not timely filed within the two-year statute of limitations set out in Section 7433(d).  Taxpayer's cause of action accrued on January 2, 2000, at the earliest, when the IRS made the first allegedly wrongful seizure of taxpayer's Social Security check.  *See Gandy Nurseries, Inc.*, 318 F.3d at 637 (right of action for damages accrues at time of allegedly wrongful levy); *United States v. Marsh*, 89 F. Supp. 2d 1171, 1176 (D. Haw. 2000) (in action for damages for continuing levy of retirement checks, statute of limitations began to run when first check was seized).  Accordingly, taxpayer had until January 2, 2002 to bring his suit for damages.  He did not file the instant suit until November 29, 2004, well after the statute of limitations in Section 7433(d) had expired.  Even if taxpayer's cause of action did not accrue until the date of the last seizure, November 4, 2002, his lawsuit was still untimely.

Taxpayer asserted below that he was not aware that the IRS's collection actions were wrongful until February 23, 2004, when the IRS sent him a letter that mentioned a percentage limitation on the seizure of his Social Security checks.  Taxpayer asserts (Br. 8) that he could not

-17-

file his complaint until then because, under Kansas law, he could not file suit on a "mere suspicion" of wrongdoing.  Taxpayer is wrong. Considerations of Kansas law are irrelevant here, where a federal statute waives the Government's sovereign immunity.  Section 7433(d) requires an action to be brought within two years of the date on which a cause of action accrues, not when the taxpayer becomes aware of his legal rights.

In any event, taxpayer is charged with knowledge of the law. *Dziura*, 318 F.3d at 583.  Taxpayer had ample notice that the IRS intended to levy on his Social Security checks.  The IRS issued a notice of intent to levy in 1999, and taxpayer filed a lawsuit seeking to enjoin the IRS from seizing his Social Security payments.  *Shipley v. IRS*, No. 99-2331-KHV, 2000 WL 575019 (D. Kan., Mar. 30, 2000) (Doc. 8, Ex. 4). He therefore was "armed with the critical facts related to his claim" (*Dziura*, 168 F.3d at 583) as early as January 2, 2000, the date of the IRS's first seizure, and had sufficient time to discover the legal basis of his claim for damages and to file his complaint before the statute of limitations expired.  A taxpayer's ignorance of his legal rights does not toll or extend the statute of limitations for bringing an action against

-18-

the Government.  *See Venture Coal Sales Co. v. United States*, 370 F.3d 1102, 1107 (Fed. Cir.), *cert. denied*, 125 S. Ct. 657 (2004).

Because taxpayer did not file his complaint within two years of the date on which the cause of action accrued, the District Court correctly dismissed taxpayer's complaint for lack of subject matter jurisdiction.

2.  Although the District Court did not reach the issue, taxpayer's suit was also subject to dismissal for lack of jurisdiction because he did not prove that he exhausted his administrative remedies.  As noted above, exhaustion of administrative remedies is a jurisdictional prerequisite to filing an action for damages under Section 7433.  *Porter*, 99 F.3d at 274; *Venen*, 38 F.3d at 103.  Taxpayer did not allege in his complaint that he had exhausted his administrative remedies by filing an administrative claim for damages with the appropriate IRS personnel.  Furthermore, the IRS's records indicate that no such claim was filed in the appropriate office.  (Doc. 8, Ex. 5.)  Finally, none of the documents that taxpayer submitted with any of his pleadings demonstrates that such a claim was filed.  Although taxpayer submitted numerous letters to the IRS beginning in 1996, none of the letters satisfied the requirements of Treas. Reg.  § 301.7433-1(e).

-19-

Specifically, none of the letters were submitted to the right location (*i.e.*, "Area Director, Attn: Compliance Technical Support Manager"), nor did the letters set forth the nature of taxpayer's damages or the amount of his claim. Rather, the correspondence was generally aimed at challenging the IRS's authority to assess and collect taxes from him and to otherwise enforce the federal tax laws. (*See, e.g.,* Br., Exhibits 2 through 4, 6, 8.) Such correspondence does not satisfy the requirements of Treas. Reg. § 301.7433-1(e). Accordingly, taxpayer's suit was subject to dismissal for failure to exhaust administrative remedies.

Taxpayer claims (Br. 9-10) that he attempted to exhaust his administrative remedies but that IRS personnel barred him from the hearing room. The hearing to which taxpayer is referring, however, appears to relate to an administrative appeal of the levy and not to an administrative claim for damages. (Br., Ex. 16.) Thus, taxpayer still has not shown that he filed the required administrative claim for damages.[8]

---

[8] Taxpayer's remaining arguments on appeal consist largely of challenges to the IRS's authority to enforce the federal tax laws. For example, he asserts (Br. 2) that the United States, "as an agency, has no jurisdiction over the people of the 50 states united," and (Br. 3) that

(continued...)

-20-

Because taxpayer's suit was not timely filed and because taxpayer failed to demonstrate that he exhausted his administrative remedies, the District Court lacked jurisdiction over the complaint, and the court's dismissal of the action was correct.

## CONCLUSION

For the reasons stated above, the order and judgment of the District Court should be affirmed.

Respectfully submitted,

EILEEN J. O'CONNOR
  *Assistant Attorney General*


ROBERT W. METZLER
  *Robert.W.Metzler@usdoj.gov*
  *District of Columbia Bar No. 452048*
  (202) 514-3938

---

[8](...continued)
the IRS "is an agency of the United States of America, not the United States." He also claims that the District Court "should have known that the United States of America is not the United States, and that the IRS is not authorized to deal in collecting taxes on wages in the 50 states of the Union of States. . . ." He also claims (Br. 7) that the IRS has authority only in the District of Columbia and federal territories. These arguments do not require extensive consideration by this Court. As the Fifth Circuit explained in *Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984), "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to so do might suggest that these arguments have some colorable merit."

-21-

ANNETTE M. WIETECHA
  *Annette M. Wietecha@usdoj.gov*
  *Ohio State Bar No. 47174*
  (202) 514-4340

  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

*Of Counsel*:

ERIC F. MELGREN
  *United States Attorney*

OCTOBER 2005

-22-

## Certificate of Compliance

Please complete one of the sections:

Section 1.  Word count

As required by Fed. R. App. P. 32(a)(7)(C), I certify that this brief is proportionally spaced and contains <u>  4,204  </u> words.

Complete one of the following:

<u>  X  </u>  I relied on my word processor to obtain the count and it is WordPerfect 11.

<u>_____</u>  I counted five characters per word, counting all characters including citations and numerals.

Section 2.  Line count

My brief was prepared in a monospaced typeface and contains _____ lines of text.

I certify that the information on this form is true and correct to the best of my knowledge and belief formed after a reasonable inquiry.


_____
ANNETTE M. WIETECHA
*Attorney*

-23-

## CERTIFICATE OF SERVICE

It is hereby certified that an original and seven copies of this brief were mailed to the Clerk by First-Class Mail on this 17th day of October, 2005, and that service of this brief was made on the appellant, appearing *pro se*, on this 17th day of October, 2005, by sending him two paper copies and one copy in PDF format on CD, via FedEx, in an envelope properly addressed to him as follows:

> Mr. William A. Shipley
> 10715 West 90th Terrace
> Overland Park, KS 66204

It is further certified that this brief has been submitted in PDF format by e-mail to esubmission@ca10.uscourts.gov; that all required privacy redactions have been made and, with the exception of those redactions, the digital submission of this brief is an exact copy of the written document filed with the Clerk; and that the digital submission has been scanned for viruses with the eTrust Antivirus program (copyright 2003) and, according to the program, the document is free of viruses.

_____
ANNETTE M. WIETECHA
*Attorney*

1382971.1